IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02296-BNB

BOB CUSTARD,

    Plaintiff,

v.

DAVID ALLRED,
YVETTE BROUILLET-FETTERHOFF,
BUREAU OF PRISONS,
CHAVEZ,
MARK COLLINS,
CORDOVA,
ENCARARNANZE,
FIEF,
ANDREW FENLON,
B. KASDON,
KOCH-COULTER,
RICHARD MADISON,
PATRICIA RANGEL,
KENT WELLS,
C.A. WILSON,
YU,
PAUL ZOHN, and
ZONNO,

    Defendants.

---

ORDER OVER-RULING OBJECTION
TO MAGISTRATE JUDGE'S ORDER TO SHOW CAUSE

---

Plaintiff, Bob Custard, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the ADMAX Facility in Florence, Colorado. On August 26, 2013, Mr. Custard, acting *pro se*, submitted to the Court a Prisoner Complaint [Doc. # 1] and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. # 3]. Magistrate Judge Boyd N. Boland granted the § 1915 Motion on August 28, 2013, and directed Mr. Custard to file an amended

complaint. [Doc. # 4]. Plaintiff filed an Amended Complaint on October 10, 2013. [Doc. # 10].

On October 16, 2013, Magistrate Judge Boland vacated the August 28, 2013 Order granting Mr. Custard leave to proceed pursuant to 28 U.S.C. § 1915 because Mr. Custard has been sanctioned under 28 U.S.C. § 1915(g). [*See* Doc. # 11]. Magistrate Judge Boland directed Mr. Custard to show cause, in writing, within thirty (30) days, why he should not be denied leave to proceed *in forma pauperis* for claims two through eight of the amended complaint because the facts alleged in support of those claims fail to demonstrate that Mr. Custard is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). [*Id.*].

Mr. Custard objects to the October 16, 2013 Order to Show Cause on the ground that the facts alleged in the amended complaint are sufficient to meet the requirements of 28 U.S.C. § 1915(g). Alternatively, he requests leave to file a second amended complaint, in lieu of a response to the order to show cause, and permission to exceed the 30-page limit for *pro se* pleadings. [*Id.*].

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine whether it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. For the reasons stated below, the Objection will be overruled.

Mr. Custard asserts eight claims in the Amended Complaint. He maintains that the Defendants are retaliating against him for his administrative remedy filings, and are otherwise violating his Eighth Amendment rights, by (1) subjecting him to excessive noise in his prison cell, causing him to lose some of his hearing; (2) denying him medical care for his Hepatitis C (and, specifically, his daily severe abdominal pain and

nausea); (3) denying him adequate medical and psychological care for his circadian rhythm sleep disorder; (4) denying him skin graft surgery for an injury to his right hand that is painful and constantly bleeds; (5) denying him necessary dental care for broken dentures; (6) refusing to remedy building code violations in the facility's recreation yard, including excessively high temperature exposure in the summer, incoming sleet in the winter, and a lack of toilet facilities; (7) falsely labeling Plaintiff a "snitch" and thereby placing him at risk of harm from other inmates; and (8) denying him medications for a nerve injury to his right arm and shoulder. Mr. Custard requests monetary damages and equitable relief.

Magistrate Judge Boland found in the October 16 Order that only claim one of the Amended Complaint – asserting a violation of Mr. Custard's Eighth Amendment rights based on the Defendants subjecting him to excessive noise in his prison cell, causing him to suffer a hearing loss – met the imminent danger exception of § 1915(g). The allegations in support of claims two through eight were insufficient. *See Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172, 1179 (10th Cir. 2011) (To meet the imminent danger exception, a prisoner is required to make "specific, credible allegations of imminent-danger of serious physical harm."); *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998) (vague or conclusory allegations of harm are insufficient); *see also Barrett v. Workman*, No. 12-7010, 486 F. App'x 706, 708 (10th Cir. June 19, 2012) (unpublished) (prisoner's allegations about things that have happened in the past, or that he fears will happen in the future doe not fulfill the imminent danger requirement). The Court agrees and finds that Mr. Custard's objections to the Order to Show Cause are without merit and will be over-ruled.

Furthermore, Mr. Custard may not file a second amended complaint in lieu of

responding specifically to the show cause order. The Court must determine whether *in forma pauperis* status may be granted to Mr. Custard for any of the claims asserted in the amended complaint before he may file another amended pleading. Mr. Custard is reminded that the response to order to show cause must be legible and may not exceed thirty (30) pages. Accordingly, it is

ORDERED that Mr. Custard's "Objection[ ] to a Federal District Court Judge from an Order of a Magistrate Pursuant to Title 28 U.S.C. § 636(b)(1)(A)" [Doc. # 12] is OVER-RULED. It is

FURTHER ORDERED that Mr. Custard file a written response to the October 16, 2013 Order to Show Cause [Doc. # 11] **within thirty (30) days from the date of this order that is legible and does not exceed thirty (30) pages**. It is

FURTHER ORDERED that the Motion for a Temporary Stay of Proceeding [Doc. # 13], filed on October 24, 2013, is DENIED AS MOOT. It is

FURTHER ORDERED that if Mr. Custard fails to comply with this Order and with the October 16, 2013 Order to Show Cause, this action may be dismissed without further notice.

DATED October 30, 2013, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court