IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02296-BNB

BOB CUSTARD,

    Plaintiff,

v.

DAVID ALLRED,
YVETTE BROUILLET-FETTERHOFF,
BUREAU OF PRISONS,
CHAVEZ,
MARK COLLINS,
CORDOVA,
ENCARARNANZE,
FIEF,
ANDREW FENLON,
B. KASDON,
KOCH-COULTER,
RICHARD MADISON,
PATRICIA RANGEL,
KENT WELLS,
C.A. WILSON,
YU,
PAUL ZOHN, and
ZONNO,

    Defendants.

## ORDER DENYING MOTION FOR RECUSAL

On October 30, 2013, Plaintiff, Bob Custard, filed a "Motion for Recusal of Magistrate Judge and/or in the Alternative for Evidentiary Hearing There Into" [Doc. # 15]. Mr. Custard has filed the motion pursuant to 28 U.S.C. § 455(a). I deny the motion based on the following findings.

Consideration for disqualifying magistrate judges is regulated by 28 U.S.C.

§ 455(a). Section 455(a) states that "[a]ny justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). "The decision to recuse is committed to the sound discretion of the district court." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations." *See David v. City & County of Denver*, 837 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095. A judge is obligated not to recuse when there is no occasion for him to do, just as he is obligated to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). If, however, disqualification under § 455(a) is a close question, the balance tips in favor of recusal. *See Nichols*, 71 F.3d at 352.

Under § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *Id.* at 351; *Cooley*, 1 F.3d at 993.  The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."  *Cooley*, 1 F.3d at 993. Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned.  *Id.*  Section 455(a) is not to be construed so broadly that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice."  *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)).  Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial.  *See Cooley*, 1 F.3d at 993.  The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.  *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

Mr. Custard requests that I recuse myself because on October 16, 2013,  I vacated the August 28, 2013 Order granting him leave to proceed pursuant to 28 U.S.C. § 1915 upon realization that Plaintiff was sanctioned under 28 U.S.C. § 1915(g). [*See* Doc. # 11].  In the October 16 Order, I directed Mr. Custard to show cause, within thirty days, why he should not be required to pay the filing fee for seven of

the eight claims asserted in the amended complaint because he failed to allege specific facts to show that he was in imminent danger of serious physical injury. [*Id.* (citing § 1915(g); *see also* Doc. # 14, granting Plaintiff additional time to comply with the order to show cause]. Mr. Custard's motion for my recusal is insufficient because it fails to show personal bias or prejudice. First, the fact that I initially granted and then vacated Mr. Custard's motion for leave to proceed *in forma pauperis* is not enough to demonstrate that disqualification is appropriate pursuant to § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

Mr. Custard also asserts that I must recuse myself because in 2007, he wrote a malicious and threatening letter to former District Judge Weinshienk in which he referred to me as her "lap dog." [Doc. # 15, at 3, 5]. According to Mr. Custard, I forwarded the letter to the United States Marshal's Service and instructed the Marshal to contact the ADMAX facility to institute a prison disciplinary proceeding against Mr. Custard. [*Id.* at 3, 5-6]. Prison officials issued Mr. Custard a disciplinary report for "threatening" conduct that was later expunged. [*Id.*]. Mr. Custard's bald assertions that I initiated a baseless prison disciplinary proceeding against him lack any factual support and thus fail to show my bias or prejudice against him. Furthermore, Plaintiff's reference to me as a "lap dog" in a letter he mailed to former District Judge Weinshienk six years ago does not provide a reasonable *factual* basis for calling my impartiality into question and prohibit me from performing an initial review of this action in accord with D.C.COLO.LCivR 8.1.C. Therefore, Mr. Custard's request for recusal will be denied. Accordingly, it is

4

ORDERED that Mr. Custard's "Motion for Recusal of Magistrate Judge and/or in the Alternative for Evidentiary Hearing There Into" [Doc. # 15], which is filed pursuant to 28 U.S.C.§ 455(a), is DENIED.

DATED October 31, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge