IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02296-BNB

BOB CUSTARD,

    Plaintiff,

v.

DAVID ALLRED,
YVETTE BROUILLET-FETTERHOFF,
BUREAU OF PRISONS,
CHAVEZ,
MARK COLLINS,
CORDOVA,
ENCARARNANZE,
FIEF,
ANDREW FENLON,
B. KASDON,
KOCH-COULTER,
RICHARD MADISON,
PATRICIA RANGEL,
KENT WELLS,
C.A. WILSON,
YU,
PAUL ZOHN, and
ZONNO,

    Defendants.

---

ORDER GRANTING IN PART AND DENYING IN PART
LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

---

Plaintiff, Bob Allen Custard, is in the custody of the Federal Bureau of Prisons at the ADX Facility in Florence, Colorado. On August 26, 2013, Mr. Custard filed, *pro se*, a Prisoner Complaint [Doc. # 1] and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. # 3]. Magistrate Judge Boyd N. Boland granted the § 1915 Motion on August 28, 2013 and directed Mr. Custard to file an Amended Complaint. [Doc. # 4]. Plaintiff filed an Amended Complaint on October 10,

2013. [Doc. # 10].

After Mr. Custard was granted leave to proceed *in form pauperis*, a review of Plaintiff's filing history revealed that he has initiated three or more actions that count as strikes pursuant to 28 U.S.C. § 1915(g). Magistrate Judge Boland thus vacated the Order granting Plaintiff leave to proceed *in forma pauperis* on October 16, 2013. [*See Order*, Doc. # 11]. Magistrate Judge Boland further directed Mr. Custard to show cause, in writing and within thirty days, why he should not be denied leave to proceed pursuant to § 1915 because he failed to meet the requirements of § 1915(g) for claims two through eight of the Amended Complaint.

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

To satisfy the imminent danger exception, Mr. Custard must make "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172, 1179 (10th Cir. 2011); *see also Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008) (unpublished) (to fall within the exception, a prisoner must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.") (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added). Vague or conclusory allegations of harm are insufficient. *White v. Colorado*, 157 F.3d 1226,

1231-32 (10th Cir. 1998). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

Mr. Custard filed a Response to the Show Cause Order [Doc. # 22] on November 15, 2013. The Court has carefully reviewed Plaintiff's statements in the Response, together with his allegations in the Amended Complaint. Construing his *pro se* filings liberally, the Court finds as follows.

## A. Claims one, two, four and five

Mr. Custard has alleged sufficient facts to meet the imminent danger of serious physical injury exception with respect to claims one, two, four and five of the Amended Complaint. Plaintiff asserts that the Defendants are retaliating against him for filing administrative remedies and are otherwise violating his Eighth Amendment rights by (1) subjecting him to excessive noise in his prison cell, causing continuing hearing loss; (2) denying him medical care for his Hepatitis C (from which he suffers almost daily severe abdominal pain and vomiting with blood, as well as ongoing scarring of his liver); (3) denying him medical care for a pre-existing injury (hand amputation) that now bleeds constantly at the edges of the skin graft and is very painful; and, (4) denying him necessary dental care for broken dentures, which are causing lacerations and bleeding of his lower gums.[1] *See, e.g.*, *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010) ("[A]n untreated wound, like an untreated acute illness, could pose an imminent danger of serious physical harm."); *McAlphin v. Toney*, 281 F.3d 709, 710–11

---

[1] Mr. Custard emphasizes in his Response to the Show Cause Order that most of the factual allegations contained in the Response were already alleged in the Amended Complaint. That may be so. However, as the Court has admonished Plaintiff in the past, his hand-writing is very difficult to decipher and the Court cannot discern all of his allegations. Mr. Custard is reminded that his hand-writing must be legible so that the Court is able to consider his filings, in their entirety.

(8th Cir. 2002) (holding that allegations that a prisoner needed tooth extractions to prevent a possible infection were "sufficient as a matter of law" to make a showing of "imminent danger"); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (prisoner's allegations of "imminent danger of serious physical injury" were sufficient where the prisoner suffered from the human immunodeficiency virus ("HIV") and hepatitis, and his doctor stopped his prescribed treatment, causing him to "suffer[ ] prolonged skin and newly developed scalp infections, severe pain in the eyes and vision problems, fatigue and prolonged stomach pains"); *Fuller v. Myers*, No. 04-3210, 123 F. Appx. 365, 367–68 (10th Cir. 2005) (unpublished) (prisoner's assertion "that he currently suffers from breathing difficulties and other respiratory problems, apparently exacerbated by the ventilation system where he is incarcerated," was enough to "facially satisf[y] the threshold requirement of showing that he is in 'imminent danger of serious physical injury' within the meaning of 28 U.S.C. § 1915(g)"); *Bond v. Aguinaldo*, 228 F. Supp.2d 918, 919 (N.D. Ill. 2002) (allegation of serious and ongoing medical problems causing severe pain was sufficient to demonstrate imminent danger of serious physical injury). Therefore, the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 will be granted with respect to claims one, two, four and five.

**B.  Claims three and eight**

Claims three and eight of the Amended Complaint, when construed together, meet the requirements of § 1915(g).  In claim three, Mr. Custard alleges that Defendants are denying him medical and psychological treatment for his diagnosed circadian rhythm sleep disorder, a condition caused by the Defendants banging repeatedly on his cell door on a nightly basis.  Plaintiff alleges that, as a result of Defendants' actions, he suffers from high blood pressure and has suffered numerous

4

concussions from hitting his head against the concrete walls or floor of his cell in confusion when he is awakened unexpectedly and feels terrified and threatened. In claim eight, Mr. Custard alleges that Defendants are denying him medical treatment for a nerve injury to his right arm and shoulder that constantly throbs with pain, or is numb, and that was caused by a violent episode when he was awakened suddenly by the Defendants' misconduct.

An untreated psychological condition does not meet the imminent danger exception. *See, e.g., Davis v. Scott*, No. 00-40401, 2000 WL 1835296, at *1 (5th Cir. Nov. 29, 2000) (unpublished) (allegations that prisoner was suffering from mental anguish and mental distress due to the defendants' violation of his constitutional rights failed to meet requirements of § 1915(g)). Further, deprivation of sleep and high blood pressure, without more, do not show that Plaintiff is in imminent danger of serious physical injury. *See, e.g., Warren v. United States*, 106 Fed. Cl. 507 (Fed. Cl. 2012) (sleep deprivation); *Martin*, 319 F.3d at 1050 (high blood pressure); *see also Burghart v. Corrections Corp. of Am.*, 350 F. App'x. 278, 279–80 (10th Cir. 2009) (unpublished) ("[Plaintiff] alleges that he suffers 'constant stress' due to the denial of his constitutional rights and that he 'has and could suffer' migraines, 'cardiovascular [problems],' hypertension, fatigue and depression, a 'suppressed immune system,' memory loss, psoriasis, weight gain, sleep disorders, and a shortened life expectancy. These allegations are not credible: [plaintiff] has not explained how the rights violations alleged in his original complaint will produce these injuries. He has merely asserted conclusory allegations, which fail to satisfy § 1915(g).").

However, Mr. Custard's additional allegations in support of claims three and eight – that Defendants' actions in pounding nightly on his cell door are causing Plaintiff to

5

awaken suddenly in a terrified state and cause serious harm to himself (a continuing, untreated painful nerve injury to his right arm) – are sufficient to demonstrate a pattern of ongoing misconduct showing a likelihood of imminent serious physical injury. Therefore, the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 will be granted with respect to claim three, as bolstered by the allegations of claim eight.

**C. Claims six and seven**

By contrast, Mr. Custard has failed to state specific, credible allegations of imminent danger of serious physical harm with regard to claims six and seven of the Amended Complaint.

In claim six, Mr. Custard asserts that Defendants are forcing him to recreate outside in extreme weather conditions. He alleges that he was placed outside in a wire mesh cage, without overhead protection from the sun, for approximately three hours at a time, when the heat index exceeded 110 degrees. Mr. Custard's factual allegations in support of claim six are vague because he fails to allege how often he was placed outside in the wire recreation cage. Moreover, his conclusory allegations that he suffered heat exhaustion and heat stroke in the past do not demonstrate that Plaintiff was in imminent danger of serious physical harm. Unlike claims one through five, the allegations in support of claim six do not show ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of serious physical injury.

In support of his seventh claim, Mr. Custard states that he was labeled a "snitch" by prison officials and was "assaulted" by inmates on two prior occasions as a result of the label – in April 2011 and March 2013. Mr. Custard does not allege that Defendants have called him a "snitch" in front of other inmates since the March 2013 incident or that

6

he has received any recent threats of physical harm, and he fails to describe specifically the injuries that he sustained as a result of the alleged assault. Further, Plaintiff does not state that the inmate who attacked him in 2013 was the same inmate who attacked him in 2011. Mr. Custard's allegation that he recreates at the same time as the inmate who he claims "assaulted" him in March 2013 is not, without additional information, enough to show a pattern of conduct evidencing the likelihood of imminent serious physical injury. *Cf. Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding imminent danger where the inmate alleged that prison officials knowingly placed him near those who are likely to attack him because the complaint alleged an ongoing pattern of such placements and attacks and was filed "very shortly after the last attack"). Past incidents, or a prisoner's concerns about what might happen in the future do not satisfy § 1915(g). Furthermore, Mr. Custard's reliance on *Benefield v. McDowell*, 241 F.3d 1267, 1270-71 (10th Cir. 2001) is misplaced. *Benefield* did not address whether the prisoner's allegations in support of an Eighth Amendment failure to protect claim met the requirements of § 1915(g), which requires a showing of imminent danger.

Therefore, because Mr. Custard fails to assert that he is in imminent danger of serious physical injury and because he has filed at least three actions in a federal court that have been dismissed as either legally frivolous or for failure to state a claim, the § 1915 Motion will be denied with respect to claims six and seven of the Amended Complaint. Further, Mr. Custard may not maintain a separate claim for relief in claim eight. Instead, the allegations in claim eight will be construed to support of claim three. If Mr. Custard wishes to pursue claims six and seven in this action, he must pay the $400.00 filing fee pursuant to 28 U.S.C. § 1914(a). Mr. Custard's § 1915 Motion will be granted only with respect to claims one, two, three (as bolstered by the allegations of

claim eight), four and five of the Amended Complaint.  Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. # 3] is DENIED in part and GRANTED in part for the reasons stated above.  It is

FURTHER ORDERED that Mr. Custard shall have **thirty days from the date of this Order** to pay the entire $400.00 filing fee to pursue claims six and seven of the Amended Complaint.  It is

FURTHER ORDERED that, if Mr. Custard fails to pay the entire $400.00 filing fee within the time allowed, claims six and seven of the Amended Complaint will be dismissed, and the Court will proceed to review the merits of claims one, two, three (as bolstered by the allegations of claim eight), four and five only.  It is

FURTHER ORDERED that for claims one, two, three, four and five, Plaintiff may proceed in this action without payment of an initial partial filing fee.  However, although he need not pay an initial partial filing fee, Plaintiff remains obligated to pay the required $350.00 filing fee (applicable to persons granted leave to proceed pursuant to 28 U.S.C. § 1915) through monthly installments regardless of the outcome of this action.  Plaintiff has consented to disbursement of partial payments of the filing fee from his prison account.  It is

FURTHER ORDERED that Plaintiff's custodian shall disburse from Plaintiff's prison account monthly payments of 20 percent of the preceding month's income credited to this prison account until Plaintiff has paid the total filing fee of $350.  See 28 U.S.C. §1915(b)(2).  Interference by Plaintiff in the submission of these funds will result in the dismissal of this action.  It is

FURTHER ORDERED that Plaintiff is advised that notwithstanding any filing fee,

or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §1915(A)(b); 28 U.S.C. § 1915(e)(2).  It is

FURTHER ORDERED that the Court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt Plaintiff may owe in a prior action or actions if Plaintiff fails to stay current with his payment obligations in the prior action or actions.  It is

FURTHER ORDERED that "Plaintiff's Motion for Leave to Appeal . . . " [Doc. # 21] is DENIED.  Mr. Custard may not file an interlocutory appeal of the Order Over-Ruling Objection [of the Order Denying Motion for Recusal] [Doc. # 19]. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) ("An order denying a motion to recuse is interlocutory and is, therefore, not immediately appealable."); *see also Fields v. Walgreens Co.*, No. 10-1287, 410 F. App'x 168, 171 (10th Cir. Feb. 3, 2011) (unpublished) (stating that a plaintiff may not appeal a district court order denying a motion for recusal) (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1237 (10th Cir. 2009) (announcing a "prudential rule allowing the appellate court to review an interlocutory order preceding a dismissal for failure to prosecute in that rare case when it makes sense to do so.").  It is

FURTHER ORDERED that Plaintiff's Combined Objection . . . . and Motion [Doc. # 23], filed on November 19, 2013, is DENIED for the reasons stated in the November 13, 2013 Order Over-Ruling Objection.  Plaintiff is warned that any further objections or motions on this issue will be stricken.  It is

FURTHER ORDERED that Mr. Custard may not file another amended complaint absent permission from the Court.  It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED at Denver, Colorado, this  4th  day of    December         , 2013.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court