IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02296-BNB

BOB CUSTARD,

    Plaintiff,

v.

DAVID ALLRED,
YVETTE BROUILLET-FETTERHOFF,
BUREAU OF PRISONS,
CHAVEZ,
MARK COLLINS,
CORDOVA,
ENCARARNANZE,
FIEF,
ANDREW FENLON,
B. KASDON,
KOCH-COULTER,
RICHARD MADISON,
PATRICIA RANGEL,
KENT WELLS,
C.A. WILSON,
YU,
PAUL ZOHN, and
ZONNO,

    Defendants.

---

ORDER RE: MOTION FOR CLARIFICATION AND TO REVISE § 1915 ORDER

---

    Plaintiff, Bob Allen Custard, is in the custody of the Federal Bureau of Prisons at the ADX Facility in Florence, Colorado.  On August 26, 2013, Mr. Custard filed, *pro se*, a Prisoner Complaint [Doc. # 1] and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 [Doc. # 3].  Magistrate Judge Boyd N. Boland granted the § 1915 Motion on August 28, 2013 and directed Mr. Custard to file an

Amended Complaint. [Doc. # 4].  Plaintiff filed an Amended Complaint on October 10, 2013. [Doc. # 10].

After Mr. Custard was granted leave to proceed *in forma pauperis*, a review of Plaintiff's filing history revealed that he has initiated three or more actions that count as strikes pursuant to 28 U.S.C. § 1915(g).  Magistrate Judge Boland thus vacated the Order granting Plaintiff leave to proceed *in forma pauperis* on October 16, 2013.  [*See Order*, Doc. # 11].  Magistrate Judge Boland further directed Mr. Custard to show cause, in writing, within thirty days of the October 16 Order, why he should not be denied leave to proceed pursuant to § 1915 because he failed to meet the requirements of § 1915(g) for claims two through eight of the Amended Complaint.  Mr. Custard filed a Response to the Show Cause Order on November 15, 2013. [Doc. # 22].

On December 4, 2013, the Court entered an Order granting Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, with regard to claims one, two, three (as supplemented by the allegations of claim eight), four and five of the Amended Complaint. [Doc. # 24].  However, the Court denied Mr. Custard *in forma pauperis* status with respect to claims six and seven of the Amended Complaint (as well as claim eight, to the extent he asserted the claim as a separate claim for relief).  [*Id.*].  The Court ordered Mr. Custard to pay the $400.00 filing fee within 30 days of the December 4, 2013 Order if he wished to pursue claims six and seven of the Amended Complaint. [*Id.*].

On December 13, 2013, Mr. Custard filed a "Motion for Court Order Correcting Demonstrable Errors in Doc. 24 – and for Re-Evaluation of Claim Seven in Light -----

[indiscernible] as to 28 U.S.C. § 1915(g) Qualification" [Doc. # 25].  The Court construes the *pro se* Motion liberally as a request for clarification of the December 4 Order, in part, and as a request to revise an interlocutory order.

A district court has discretion to revise interlocutory orders prior to entry of final judgment. *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991) (noting that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir.1988) (citing Fed.R.Civ.P. 54(b)).  The district court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure.  *See Raytheon Constructors Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003) (stating that "[t]he district court was incorrect to treat the plaintiff's motion for reconsideration [of an interlocutory order] under Rule 60(b) which only applies to final orders or judgments.").

In reviewing Mr. Custard's motion, the Court is once again hindered by an inability to decipher some of Plaintiff's hand-writing.  That said, the Court is able to discern the following.

Mr. Custard first seeks clarification of the Court's December 4 Order as it addresses a factual allegation contained in his third claim for relief.  In claim three, Mr. Custard asserts that Defendants are denying him medical and psychological treatment

for his diagnosed circadian rhythm sleep disorder.  He further alleges that Defendants are exacerbating his condition by banging repeatedly on his cell door on a *daily* basis (when he is trying to sleep because the condition causes him to be awake all night).  In the December 4 Order, the Court inadvertently and incorrectly referred to Defendants' actions as occurring on a *nightly* basis.

Plaintiff also continues to assert that his allegations concerning his blood pressure levels caused by Defendants' actions are sufficient to show that he is in imminent danger of serious physical injury.  However, the Court finds no need to revisit its analysis of the issue at this time because Mr. Custard has been granted leave to pursue claim three without payment of the filing fee.

Mr. Custard next asks the Court to revise the December 4 Order to grant him leave to proceed *in forma pauperis* with respect to claim seven.  Mr. Custard alleges in the Amended Complaint that he was labeled a "snitch" by prison officials and was "assaulted" by inmates on two prior occasions as a result of the label – in April 2011 and March 2013.  The Court denied Mr. Custard *in forma pauperis* status for this claim because he does not allege in the Amended Complaint that Defendants have called him a "snitch" in front of other inmates since the March 2013 incident or that he has received any recent threats of physical harm.  Further, Plaintiff fails to describe specifically the injuries that he sustained as a result of the alleged assault, nor does he state that the inmate who attacked him in 2013 was the same inmate who attacked him in 2011.

To support his claim that he is in imminent danger of serious physical injury as a result of being labeled a "snitch" by the Defendants, Mr. Custard makes additional allegations in the December 13 Motion that he suffered lacerations and infections in

March 2013 as a result of being shot by two inmates with metal darts soaked in feces while the inmates were recreating in wire mess cages in the prison yard.  He further alleges that: the inmates who assaulted him continue to recreate with him at the same time; those inmates are housed approximately twenty feet from his cell; and, Defendants continue to call Plaintiff a snitch on a daily basis when they walk by his prison cell, within earshot of his attackers.   The Court finds these additional allegations sufficient, when considered together with the allegations of the Response to Order to Show Cause and the Amended Complaint, to show that Plaintiff is in imminent danger of serious physical injury as a result of Defendants' actions in labeling him a snitch. Accordingly, Mr. Custard will be allowed to proceed under 28 U.S.C. § 1915 with respect to claim seven.

Finally, Mr. Custard states in the Motion that he voluntarily dismisses claim six and claim eight (as a separate claim for relief).  Mr. Custard may use the allegations of claim eight to bolster claim three.  *See* Doc. # 24, at 8].   Accordingly, it is

ORDERED that the "Motion for Court Order Correcting Demonstrable Errors in Doc. 24 – and for Re-Evaluation of Claim Seven in Light ----- [indiscernible] as to 28 U.S.C. § 1915(g) Qualification" [Doc. # 25] is GRANTED as follows:

1) The December 4, 2013 Order is CLARIFIED to the extent discussed herein.

2)  Mr. Custard is granted leave to proceed pursuant to 28 U.S.C. § 1915 with respect to claims one, two, three, four, five, and seven of the Amended Complaint.  The Court will proceed to review the merits of those claims.

3) Claims six and eight of the Amended Complaint are DISMISSED WITHOUT PREJUDICE.

4) Process shall not issue until further order of the Court.

DATED at Denver, Colorado, this  23rd  day of    December          , 2013.

                              BY THE COURT:


                                 s/Lewis T. Babcock
                              LEWIS T. BABCOCK, Senior Judge
                              United States District Court