IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02296-REB-CBS

BOB CUSTARD,
    Plaintiff,
v.

DAVID ALLRED,
YVETTE BROUILLET-FETTERHOFF,
BUREAU OF PRISONS,
CHAVEZ,
CORDOVA,
ENCARANANZE,
FIEF,
ANDREW FENLON,
B. KASDON,
KOCH-COULTER,
PATRICIA RANGEL,
PAUL ZOHN, and
ZONNO,
    Defendants.

## ORDER

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Mr. Custard's "Motion to Appoint Counsel" (doc. #88)[1] and "Renewed Motion for Leave to File a Second Amended Complaint" (doc. #89)[2]. Also before the court is Plaintiff's "Motion for Expedited Ruling on Long Pending Motions." (Doc. #98). Pursuant to the Order Referring Case dated January 2, 2014 (doc. # 31) and the memorandums dated May 29, 2014 (doc. # 90) and September 9, 2014 (doc. #99), respectively, these matters were referred to the Magistrate Judge. The court has reviewed the matters, the entire case file, and the applicable law and is sufficiently advised in the premises.

---

[1] Plaintiff previously requested on January 8, 2014, that the court appoint counsel for him (doc. #40). Plaintiff subsequently withdrew this request (doc. #56), which this court acknowledged in an Order dated March 11, 2014 (doc. #59).
[2] Plaintiff previously requested on January 3, 2014, leave to file a Second Amended Complaint (doc. #32). Plaintiff subsequently moved to withdraw his request (doc. #60), which this court granted on March 17, 2014 (doc. #65).

1

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). *See also* Part III.C. of the U.S. District Court's Pilot Program to Implement A Civil Pro Bono Panel, www.cod.uscourts.gov/Court Operations/RulesProcedures/PilotProjects.aspx (factors and considerations include: 1) the nature and complexity of the action; 2) the potential merit of the pro se party's claims; and 3) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Custard's request for appointed counsel and the appropriate factors. As a *pro se* litigant, Mr. Custard is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Custard requests the appointment of counsel on the basis that his lack of legal experience prevents him from adequately arguing the factual and legal complexities of the case and his various physical impairments and other disabilities prevent him from adequately prosecuting his case. Contrary to Mr. Custard's characterization, the legal issues and the facts presented are not particularly complex. Furthermore, Plaintiff has filed numerous motions in this action and responded to Defendants' Motion to Dismiss (*see* doc. #87) despite his disabilities. At this time, it is not clear that the

merits of Mr. Custard's claims are sufficient for the court to request counsel to volunteer to represent him.

Mr. Custard also requests leave to file a Second Amended Complaint on the basis that he requires more than thirty pages to support his six claims.[3] Magistrate Judge Boland limited Plaintiff to thirty pages in a minute order issued September 11, 2013 (doc. #7), to which Plaintiff objected (doc. #8). District Judge Babcock overruled Plaintiff's objection and upheld the page limitation. (Doc. #9). Plaintiff has provided no reason to reconsider the court's previous rulings. Moreover, Plaintiff's Motion to Amend fails to describe his proposed amendments and he failed to attach a draft of the amended complaint to his Motion. Defendants oppose Plaintiff's Motion to Amend and argue that Plaintiff has not established good cause for filing a complaint that exceeds thirty pages. This court agrees. If Plaintiff wishes to renew his request to amend, he must attach his proposed Second Amended Complaint as a separate document to his motion to amend so that the court may discern whether amendment is permissible. *See Lambertsen v. Utah Dept. of Corrections*, 79 F.3d 1024, 1029-30 (10th Cir. 1996) ("As the district court was not provided with a copy of the proposed amended complaint, it would have been impossible for the court to determine its viability.").

Finally, Plaintiff requests "Expedited Rulings On Long Pending Fed. R. Civ. P. 12 Pleadings and All Other Attendant and Pending Motions." This court is aware that Defendants' Motion to Dismiss and Plaintiff's related Motion for a Hearing are pending and have been referred to the undersigned, and intends to address these motions as early as is practicable in light of the other cases pending on this court's docket. Accordingly, it is

ORDERED that Mr. Custard's "Motion to Appoint Counsel" (doc. #88) is DENIED without

---

[3] Plaintiff's original Complaint listed eight claims for relief. (Doc. #1). Plaintiff is subject to filing restrictions under 28 U.S.C. § 1915(g), and the court determined that he failed to state specific, credible allegations of imminent danger of serious physical harm in claims six and seven. (Doc. #24). The court thereafter dismissed those two claims following Plaintiff's failure to pay the $400 filing fee. *Id.*

prejudice.  It is

FURTHER ORDERED that Mr. Custard's "Motion for Leave to File a Second Amended Complaint" (doc. #89) is DENIED without prejudice.  It is

FURTHER ORDERED that Mr. Custard's "Motion for Expedited Ruling on Long Pending Motions" (doc. #98) is DENIED.

DATED at Denver, Colorado, this 17th day of September, 2014.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge