IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02296-REB-CBS

BOB CUSTARD,
      Plaintiff,
v.

DAVID ALLRED,
YVETTE BROUILLET-FETTERHOFF,
BUREAU OF PRISONS,
CHAVEZ,
CORDOVA,
ENCARANANZE,
FIEF,
ANDREW FENLON,
B. KASDON,
KOCH-COULTER,
PATRICIA RANGEL,
PAUL ZOHN, and
ZONNO,
      Defendants.

_____

RECOMMENDATION AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS AND
PLAINTIFF'S MOTIONS FOR MISCELLANEOUS RELIEF
_____

Magistrate Judge Craig B. Shaffer

      This matter comes before the court on Defendants David Allred, Yvette Brouillet-Fetterhoff, Bureau of Prisons ("BOP"), Chavez, Cordova, Encarananze, Fief, Andrew Fenlon, B. Kasdon, Koch-Coulter, Patricia Rangel, Paul Zohn, and Zonno's (collectively "Defendants") Motion to Dismiss (Doc. #74), filed on April 14, 2014. Defendants' Motion seeks dismissal of all *Bivens* claims as to the BOP, and all First Amendment and Fifth Amendment *Bivens* claims as to the remaining Defendants. Also before the court is Plaintiff Bob Custard's Motion for Hearing/Conference (Doc. # 92), filed on June 12, 2014, Motion to Correct (Doc. #117), filed on October 31, 2014, and Motion to Correct (Doc. #119), filed on November 5, 2014. These motions were referred to the Magistrate Judge pursuant to the Order of Reference dated January 2, 2014 (Doc. #31), and respective memoranda dated April 14, 2014 (Doc. #75), June 12, 2014 (Doc. #93), November 3, 2014 (Doc. #118), and November 5, 2014 (Doc. #120). This court

has carefully considered the motions and related briefing, the entire case file, and applicable case law.  For the following reasons, I recommend that Defendants' Motion to Dismiss be granted.  I further grant Plaintiff's October 31, 2014 Motion to Correct, deny Plaintiff's November 5, 2014 Motion to Correct, and deny Plaintiff's Motion for Hearing/Conference.

## BACKGROUND

Mr. Custard, a *pro se* prisoner incarcerated at the United States Penitentiary, High Security, in Florence, Colorado ("ADX Florence"), filed this lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403, U.S. 388 (1971) claiming violations of his Eighth Amendment right against cruel and unusual punishment, Fifth Amendment right to due process, and First Amendment right against retaliatory conduct.  Plaintiff seeks monetary, declaratory, and injunctive relief.[1]

Plaintiff filed a Complaint on August 26, 2013, which named the present Defendants as well as C.A. Wilson, Mark Collins, Richard Madison, and Yu.  Plaintiff simultaneously filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. #3).  Magistrate Judge Boland issued an Order on August 28, 2013, granting Plaintiff's § 1915 motion and directing him to file an amended complaint that comports with Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1.  (*See* Doc. #4).  On October 10, 2013, Plaintiff filed an Amended Complaint asserting eight claims.  (Doc. #10).  The pleading alleges that Defendants have retaliated against him for his administrative remedy filings and lawsuits, and are otherwise violating his Fifth Amendment and Eight Amendment rights, by: (1) subjecting him to excessive noise in his prison cell, causing him some loss of hearing; (2) denying him medical care for his Hepatitis C (and, specifically, his daily severe abdominal pain and nausea); (3) denying him adequate medical and psychological care for his circadian sleep disorder; (4) denying him skin graft surgery for an

---

[1] It is difficult to ascertain from Plaintiff's Prayer for Relief precisely what he seeks and from whom.  As best this court can discern, Plaintiff seeks monetary damages as to each Defendant in his or her personal capacity on each Eighth Amendment claim in the amount of $150,000, and monetary damages as to the BOP on each First and Fifth Amendment claim in the amount of $10,000; punitive damages as to each Defendant in the amount of $150,000, and punitive damages as to the BOP in the amount of $10,000; treble damages as to each Defendant; declaratory relief; and injunctive relief ordering "independent or BOP medical assessments" and treatment regarding all claims.

injury to his right hand that is painful and constantly bleeds; (5) denying him dental care for broken dentures; (6) refusing to remedy building code violations in the facility's recreation yard; (7) falsely labeling Plaintiff as a "snitch" and thereby placing him at risk of harm from other inmates; and (8) denying him medications for a nerve injury to his right arm and shoulder.[2]   (*See* Doc. #10; *see also* Doc. #11).   The allegations supporting these claims are comprised entirely of statements made by Defendants throughout a span of several years expressing their refusal to provide Plaintiff with the protection and medical treatment necessary to address the above conditions unless he ceases to file grievances and lawsuits.   (*See, e.g.,* Doc. #10 at pp. 13, 15) (Defendant Chavez stated on September 15, 2013, "I could easily pad those inside doors too…or give you ear plugs…but I won't because you file grievances and lawsuits against us staff."   Defendant Allred stated, "If you came to me on the streets in this condition and you had the money or insurance I would definitely treat your [Hepatitis C Virus] because you really need it…but nobody cares about prisoners…it costs too much to treat all inmates' HCV…but if you stop filing lawsuits on Dr. Wilson and me I will treat your HCV.").

On October 16, 2013, Magistrate Judge Boland issued an Order withdrawing his Order granting Plaintiff leave to proceed *in forma pauperis*, and directing Plaintiff to show cause why he should not be denied leave to proceed pursuant to § 1915 as to his second through eighth claims on the basis that Plaintiff, on three or more prior occasions, had brought an action in federal court that was dismissed on the grounds that it was frivolous, malicious, or that it failed to state a claim.   (Doc. #11) (citing 28 U.S.C. § 1915(g)).   Plaintiff filed his Response to the Order to Show Cause on November 15, 2013.   (Doc. #22). District Judge Babcock found that Plaintiff alleged sufficient facts to meet the imminent danger of serious physical injury exception to 28 U.S.C. § 1915(g) as to claims one, two, four, and five of the Amended Complaint, and granted Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 as to those claims.   (Doc. #24).   Judge Babcock further determined that claims three and eight, when

---

[2] The listing of Plaintiff's allegations herein corresponds with how Plaintiff's claims are numbered in his Amended Complaint. With the exception of claim seven, which is pled as an Eighth Amendment violation only, Plaintiff's claims are presented as violations of his First, Fifth, and Eighth Amendment rights.

construed together, met the requirements of § 1915(g), and therefore granted Plaintiff's § 1915 Motion with respect to claim three as bolstered by the allegations of claim eight. (*See id.*). Judge Babcock found that the allegations contained in claims six and seven failed to indicate that Plaintiff faced imminent danger of serious physical injury, and accordingly ordered Plaintiff to pay the filing fee pursuant to 28 U.S.C. § 1914(a) if he wished to pursue those claims. (*See id.*). Mr. Custard subsequently filed a "Motion for Court Order Correcting Demonstrable Errors and Re-Evaluation of Claim Seven," in which he added allegations regarding the imminent danger of serious physical injury caused by being labeled as a "snitch," and voluntarily dismissed claims six and eight. (Doc. #25). On December 23, 2013, the court granted Plaintiff's request to proceed under 28 U.S.C. § 1915 with respect to claim seven. (Doc. #26).

The present Defendants waived service on February 11, 2014. (*See* Doc. #50). On March 17, 2014, Plaintiff filed a Motion to Dismiss Defendants Wilson, Collins, Madison, Wells, and Yu (Doc. #63). This court granted the Motion the following day as self-executing pursuant to Rule 41(a)(1). (Doc. #67).

On April 14, 2014, Defendants filed a Motion to Dismiss all *Bivens* claims as to the BOP, and all First Amendment and Fifth Amendment *Bivens* claims as to the remaining Defendants. (Doc. #74). The Motion also sought to dismiss Defendant Cordova for lack of subject matter jurisdiction. *Id.* Plaintiff filed his Response to the Motion to Dismiss on May 14, 2014. (Doc. #87). Defendants filed their Reply on June 2, 2014. (Doc. #91). On June 12, 2014, Plaintiff filed the pending "Motion for Court-Ordering Hearing on Defendant's Motion to Dismiss." (Doc. #92). Defendants filed a Response to the Motion on July 7, 2014. (Doc. #96). Plaintiff filed his Reply on July 11, 2014, in which he asked the court to strike Defendants' Response. (Doc. #97).

On September 25, 2014, Plaintiff asked the court to appoint him counsel. (Doc. #102). On October 7, 2014, Plaintiff filed a "Motion for Correction of the Record," asking the court for

miscellaneous relief, including a request that the court "strike (Doc. 102?)."[3]   (Doc. #104).   On October

14, 2014, Plaintiff filed a "Motion for Order to Correct Court Order," regarding a footnote in a previously

issued order.   (*See* Doc. #106).   On October 21, 2014, this court granted Plaintiff's October 7, 2014,

Motion to the extent it sought to withdraw his Motion for Appointment of Counsel, and denied as

unnecessary Plaintiff's October 14, 2014, Motion.   (Doc. #110).

On October 27, 2014, Plaintiff filed a "Motion for Revission [sic] of Court Order (Doc. 110) and

Renewed Motion to Strike Response to Motion to Dismiss,"[4]   (Doc. #112).   This court construed the

Motion as one for reconsideration and denied it on October 29, 2014.   (*See* Doc. #116).   On October 31,

2014, Plaintiff filed the pending "Motion to Correct Doc. 112 and Combined Submission of Plaintiff's

Opposition to Motion to Dismiss Exhibit 10" (Doc. #117), in which Plaintiff instructs that Document No.

110 was entitled "Rescission" not "Revission," and seeks to submit an exhibit in opposition to

Defendants' Motion to Dismiss.   On November 5, 2014, Plaintiff filed the pending "Motion to Correct

[Doc. #] 116 Order," stating that he had filed a Motion for Rescission of Document No. 110, not a Motion

for Reconsideration, and repeating his request that the court strike Defendants' Response to Plaintiff's

Motion for Hearing/Conference.   (Doc. #119).

## STANDARD OF REVIEW

### A.      Fed. R. Civ. P. 12(b)(1)

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction.

*See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d

1576, 1580 (10th Cir. 1994).   Pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may dismiss

a complaint for lack of subject matter jurisdiction.   The determination of a court's jurisdiction over

---

[3] Throughout the pendency of this litigation, Plaintiff has filed several "Motions to Correct" court orders, in which Plaintiff lambastes this court for misinterpreting his requests.   Plaintiff has been admonished for filing papers that are difficult to read, and any confusion on the part of this court in correctly representing Plaintiff's demands was a direct result of the court's inability to decipher Plaintiff's handwriting.

[4] This document was mislabeled; it sought to renew Plaintiff's request to strike Defendants' Response to his Motion for Hearing/Conference on Defendants' Motion to Dismiss, as presented in his July 11, 2014 Reply.

subject matter is a question of law. *Madsen v. United States ex. U.S. Army, Corps of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

**B.     Fed. R. Civ. P. 12(b)(6)**

Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Because Mr. Custard is appearing *pro se*, the court "review[s] [his] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a court may not assume that a plaintiff can prove facts that he has not alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009)

("[Court's] role is not to act as [*pro se* litigant's] advocate"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues") (internal citation omitted).  Furthermore, the court may, at any time and of its own accord, dismiss any action that is frivolous or which fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6); *Hall v. Bellmon*, 935 F.2d 1106, 1108-10 (10th Cir. 1991).

## ANALYSIS

### A.     No *Bivens* Remedy for Mr. Custard's First and Fifth Amendment Claims

In *Bivens,* 403 U.S. at 397, the United States Supreme Court recognized an implied cause of action for damages against federal officers alleged to have violated the prisoner petitioner's Fourth Amendment rights.   Since then, the Supreme Court has found the same remedy available for violations of an individual's rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment and the Due Process Clause of the Fifth Amendment.  *See Carlson v. Green*, 446 U.S. 14 (1980); *Davis v. Passman*, 442 U.S. 228 (1979).   Beyond these types of violations, a *Bivens* remedy should be inferred only if (1) there is no alternative, existing process for protecting a constitutional interest; and (2) if there are no special factors counseling hesitation against a judicially created remedy.  *Robbins v. Wilkie*, 551 U.S. 537, 550 (2007).

"[T]he purpose of *Bivens* is only 'to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy*' for harms caused by an individual officer's unconstitutional conduct." *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1096 (10th Cir. 2005) (citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2002)).   "Whether a *Bivens* action exists for a given constitutional violation must be decided on a case-by-case basis."  *Burton-Bey v. United States*, No. 96-3241, 1996 WL 654457, at *1 (10th Cir. Nov. 12, 1996) (citing *Beattie v. Boeing Co.,* 43 F.3d 559, 564 (10th Cir. 1994)).

1.    *First Amendment Claim*

Mr. Custard claims Defendants retaliated against him for filing lawsuits and grievances by withholding ear plugs, padding for his cell door jambs, dental work, and treatment for Hepatitis C Virus, his circadian rhythm disorder, and a deteriorating skin graft.   A prisoner's right to access the courts is protected by the First Amendment.   *See, e.g., Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996). "[Prison] officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights…even where the action taken in retaliation would be otherwise permissible." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).   A retaliation claim requires a plaintiff to show: (1) he was engaged in constitutionally protected activity; (2) the government's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the government's actions were substantially motivated as a response to his constitutionally protected conduct. *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic,* 582 F.3d 1155, 1165 (10th Cir. 2009).

Defendants argue Plaintiff's retaliation claim should be dismissed because Plaintiff has alternative avenues of relief available to him, and there is no recognized remedy under *Bivens* that would support such a claim.   Plaintiff may utilize a number of other mechanisms to seek relief for the alleged retaliation, and in fact he has.   Mr. Custard asserts Eighth Amendment claims based on the alleged depravations that constitute his claim for retaliation and he seeks a prospective injunction ordering the BOP to provide medical treatment.   Plaintiff could also pursue a remedy through the mandamus statute or utilize the BOP's Administrative Remedy Program.   A *Bivens* remedy should not be allowed when other "meaningful safeguards or remedies for the rights of persons situated" are available under circumstances comparable to the plaintiff's.   *National Commodity and Barter Ass'n v. Gibbs,* 886 F.2d 1240, 1248 (10th Cir. 1989) (internal quotation marks and citation omitted).

Furthermore, the Supreme Court has specifically declined to extend a *Bivens* remedy to alleged violations of the First Amendment (*see Bush v. Lucas*, 462 U.S. 367, 390 (1983); *see also Reichle v.*

*Howards*, 132 S. Ct. 2088, 2093 n. 4 (2012)), and courts in this District have similarly declined to fashion a *Bivens* remedy for such claims. *See, e.g., Williams v. Klein*, 12-cv-01580-REB-BNB, 2014 WL 716982, at *2 (D. Colo. Feb. 24, 2014). Plaintiff insists that the Supreme Court opinion *Jones v. Bock*, 549 U.S. 199 (2007), qualifies *Carlson* and *Passman* and instructs against declining to extend a *Bivens* remedy. However, *Bock* concerns whether exhaustion of administrative remedies under the Prison Litigation Reform Act must be pled by the prisoner plaintiff or raised as an affirmative defense by the defending party. In addition, the petitioners in *Bock* had filed for relief pursuant to § 1983, rather than *Bivens*. Finally, the Court has twice re-affirmed its position against extending *Bivens* remedies to First Amendment claims since issuing *Bock*. *See Iqbal*, 129 S. Ct. at 1948; *Reichle*, 132 S. Ct. at 2093.

2.      *Fifth Amendment Claim*

Mr. Custard claims Defendants also violated his rights under the Due Process Clause of the Fifth Amendment by withholding ear plugs, padding for his cell door jambs, dental work, and treatment for Hepatitis C Virus, his circadian rhythm disorder, and a deteriorating skin graft. The Fifth Amendment provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law...." U.S. CONST. Amend. V. To state a due process claim, Plaintiff must show: (1) a recognized liberty or property interest has been interfered with by Defendants, and (2) the procedures attendant to that deprivation were not constitutionally sufficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). The asserted interest "must rise to more than 'an abstract need or desire,' *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972), and must be based on more than 'a unilateral hope,' *Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981)." *Thompson*, 490 U.S. at 460. Protected liberty interests "may arise from two sources-the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S. 460, 466 (1983), *overruled in part on other grounds by Sandin*, 515 U.S. at 472. When an inmate contends that the conditions of confinement give rise to a constitutionally-protected liberty interest, the

court must focus its inquiry on whether such conditions impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, *implicitly overruled on other grounds by Edwards v. Balisok,* 520 U.S. 641 (1997). *See also Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006).

Defendants argue that a *Bivens* remedy is inappropriate for Plaintiff's Fifth Amendment claims because of the multiple alternative mechanisms that serve to protect his due process rights. Defendants argue in the alternative that Plaintiff has not alleged that Defendants failed to afford him the requisite level of process.

In *Davis v. Passman*, a *Bivens* remedy was fashioned for violations of the Due Process clause of the Fifth Amendment; however, the Court explicitly qualified its ruling as necessitated by the utter lack of alternative remedies available to that plaintiff. *See Davis*, 442 U.S. at 245 ("there are available no other alternative forms of judicial relief. For Davis, as for Bivens, it is damages or nothing."). Such is not the case here. Plaintiff may obtain relief for the alleged conduct and deprivations through the Eighth Amendment claims and request for injunctive relief presented in this lawsuit. "[T]here is no reason to rely on a court-created remedy, like *Bivens*, when Congress has created an adequate means for obtaining legal redress." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005).

In addition, special factors exist here counseling the court to proceed cautiously in creating a remedy. Prisoners retain "only a narrow range of protected liberty interests," (*Abbott v. McCotter,* 13 F.3d 1439, 1442 (10th Cir. 1994) (quotation marks and citation omitted)), and federal courts are cautioned to "afford appropriate deference and flexibility to [ ] officials trying to manage a volatile environment." *Sandin*, 515 U.S. at 482. Furthermore, Plaintiff, on three or more occasions while incarcerated, has brought an action in federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. (*See* "Order Directing Plaintiff to Show Cause," Doc. #11 at p. 2). *See also* 28 U.S.C. § 1915(g).

Finally, Mr. Custard has not stated a claim for violation of his due process rights for which he could recover even if a *Bivens* remedy were deemed appropriate. Plaintiff is not entitled to protective processes unless he can show a liberty interest. The liberty interest created by prison regulations "will generally be limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Penrod*, 94 F.3d at 1406 (citation omitted). Even if he could demonstrate a liberty interest in the items and treatment allegedly withheld, he has not shown that the procedures attendant to the deprivation were constitutionally insufficient. Plaintiff's Amended Complaint is replete with statements allegedly made by Defendants indicating their frustration with his prolific filing of grievances and lawsuits and their resultant retaliatory inclinations, but the allegations fail to establish the source of the interest and the process to which he was due.

Accordingly, I recommend dismissing the First and Fifth Amendment claims as inappropriate for creating a *Bivens* remedy.

## B.   Plaintiff's *Bivens* Claims as to the Bureau of Prisons

Plaintiff seeks monetary damages and injunctive relief as to the BOP. (*See* Doc. #10 at p. 30). A federal prisoner who alleges a constitutional deprivation may assert a *Bivens* claim against the offending individual officer. *Malesko*, 534 U.S. at 72. "The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Id. See also Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). The *Bivens* remedy has never been considered a proper vehicle for altering an entity's policy, unlike injunctive relief, which "has long been recognized as the proper means for preventing entities from acting unconstitutionally." *Malesko*, 534 U.S. at 74. Accordingly, I find that all *Bivens* claims asserted against the BOP should be dismissed.

## C.   Claims as to Defendant Cordova

Plaintiff claims Defendant Cordova retaliated against him and violated his Fifth Amendment and Eighth Amendment rights by withholding hearing aids, treatment for his circadian rhythm disorder,

treatment for his skin graft, and dental work necessary to repair broken dentures.   Defendants argue this court lacks jurisdiction to consider Plaintiff's claim because Cordova is the Assistant Health Services Administrator at ADX Florence, "a commissioned officer with the Public Health Service (PHS)," and is not subject to *Bivens* liability.   (Declaration of Frank Cordova ("Cordova Declaration"), Doc. #74-1 at ¶ 1).[5]

Pursuant to 42 U.S.C. § 233(a), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 is the exclusive remedy "for any personal injury caused by a PHS officer or employee performing a medical or related function 'while acting within the scope of his office or employment.'"   *Hui v. Castaneda*, 559 U.S. 799, 801-02 (2010) (citing 42 U.S.C. § 233(a)).   In *Hui*, the Supreme Court concluded "the plain language of § 233(a)" precluded PHS officers and employees from personal liability subject to *Bivens* actions for harms arising out of conduct occurring within the scope of their employment. *Hui*, 559 U.S. at 802.   Plaintiff appears to concede this jurisdictional restriction in his Response (*see* Doc. #87) ("Plaintiff cedes that [Defendant] Cordova cannot be held personally liable due to … *Hui*), and asks the court to "substitute the BOP as [Defendant] for Cordova," on the basis that Plaintiff "exhaust[ed] tort claims [within] 6 months of filing this action."   (Doc. #87 at p. 6).

This court is unclear how substituting one named party for the other maneuvers Plaintiff's claims around the fatal flaws articulated within this Recommendation.   First, Plaintiff may not combine a motion with a response to a different motion.   *See* D.C.Colo.LCivR 7.1(d).   Second, and more importantly, while Plaintiff cited 28 U.S.C. § 1346 in the Amended Complaint as a basis for jurisdiction (*see* Doc. #10 at p. 7), he did not assert or otherwise articulate an FTCA claim in that pleading.   Furthermore, Plaintiff did not allege that he exhausted the administrative requirements for such a claim.   Section 2675(a) instructs:

> an action shall not be instituted upon a claim against the United States for money damages for … personal injury … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment,

---

[5] The court may consider affidavits and other evidence to resolve disputed jurisdictional facts on a motion to dismiss.   *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).  On October 31, 2014, Plaintiff submitted a photocopy of a certificate of mailing and return receipt addressed to "Counsel BOP INC Regional Offices" in support of his Response to Defendants' Motion to Dismiss, and wrote on the photocopy, "[Plaintiff] avers that these U.S. Postage forms and receipts to BOP/NCR Gen. Counsel were never answered nor responded to."  (Doc. #117 at p. 2).  This exhibit, submitted four months after Defendants' Motion to Dismiss was fully briefed, cannot change the fact that Plaintiff did not plead the appropriate claim.  While Plaintiff is entitled to a less stringent review of his pleadings, "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Plaintiff's insertion of "conspiracy" three times in the Amended Complaint does not suffice to give Defendants fair notice that a tort claim has been pled, let alone demonstrate that Plaintiff exhausted the requirements of 28 U.S.C. § 2675(a).  Accordingly, Defendant Cordova should be dismissed from this lawsuit.

## CONCLUSION

For the forgoing reasons, this court RECOMMENDS that Defendants' Motion to Dismiss (Doc. #74) be GRANTED.  This lawsuit would then be limited to Plaintiff's Eighth Amendment *Bivens* claims, claim for injunctive relief against the BOP, and claim for declaratory relief.  This court ORDERS that Plaintiff's Motion to Correct (Doc. #117) is GRANTED to the extent Plaintiff seeks to submit "Exhibit 10" to supplement his Response to Defendants' Motion to Dismiss and correct Docket No. 112 to read "Rescission of Court Order."  This court further ORDERS that Plaintiff's Motion to Correct (Doc. #119) is DENIED and Plaintiff's Motion for Hearing/Conference (Doc. # 92) is DENIED.[6]

---

[6] This court has discretion to issue this Recommendation and Order without holding a hearing.  *See Steele v. Federal Bureau of*

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 26 day of January, 2015.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge

---

Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003) (citing *Greene v. WCI Holdings Corp.,* 136 F.3d 313, 315–316 (2d Cir. 1998)).