IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 13-cv-02296-REB-CBS

BOB CUSTARD,

    Plaintiff,

v.

DAVID ALLRED,
YVETTE BROUILLET-FETTERHOFF,
BUREAU OF PRISONS,
CHAVEZ,
CORDOVA,
ENCARANANZE,
FIEF,
ANDREW FENLON,
B. KASDON,
KOCH-COULTER,
PATRICIA RANGEL,
PAUL ZOHN, and
ZONNO,

    Defendants.

## ORDER GRANTING MOTION FOR REVIEW OF TAXATION OF COSTS

**Blackburn, J.**

The matter before me is the **Motion to Review Clerk's Award of Fees Under Fed. R. Civ. P. 54(d)(1) (Doc. 373)** [#374][1] filed October 25, 2016. The plaintiff filed a response [#378], and the defendant filed a reply [#379]. I grant the motion.

Allowable costs are delineated by 28 U.S.C. § 1920. The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are

---

[1] "[#374]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

authorized by § 1920.  ***English v. Colorado Department of Corrections***, 248 F.3d 1002, 1013 (10th Cir. 2001); ***Griffith v. Mt. Carmel Medical Center***, 157 F.R.D. 499, 502 (D. Kan. 1994).  Expenses not specifically authorized by the statute are not recoverable as costs.  ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42 (1987); ***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990).  Moreover, even when costs are allowed by statute, the prevailing party still must demonstrate that the amount requested is reasonable.  *See* ***U.S. Industries, Inc. v. Touche Ross & Co.***, 854 F.2d 1223, 1245 (10th Cir. 1988), ***overruled on other grounds as recognized by Anixter v. Home-Stake Products Co.,*** 77 F.3d 1215, 1231 (10th Cir. 1996).

The defendants are the prevailing parties in this case.  Addressing the **Bill of Costs** [#373] of the defendants, the clerk of the court awarded copying costs for 2,281 pages of discovery provided to the plaintiff by the defendants, at the rate of 25 cents per page.  However, the clerk did not award costs for copying papers served on the plaintiff by the defendants.  Under Fed. R. Civ. P. 5, all filings made by the defendants in this case must be served on the plaintiff.  Electronic service on the plaintiff is not possible because the plaintiff is incarcerated.  Thus, the defendants served the plaintiff with copies of the filings of the defendants by mailing paper copies of these filings to the plaintiff, as permitted by Fed. R. Civ. P. 5(b)(2)(C).  In addition, the clerk did not award costs for copying of papers undertaken by the defendants in order to comply with an order of the court.  On March 14, 2016, the court ordered counsel for the defendant to provide the court with a copy of the documents shown at [#257-3 & #257-4].  *Minutes* [#309], p. 2.

28 U.S.C. § 1920(4) provides that costs may be awarded for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." "The most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." ***U.S. Industries, Inc. v. Touche Ross & Co.***, 854 F.2d 1223, 1246 (10th Cir. 1988), ***overruled on other grounds as recognized by Anixter v. Home-Stake Products Co.,*** 77 F.3d 1215, 1231 (10th Cir. 1996). In this case, it was necessary for the defendants to make copies of all papers for service on the plaintiff. Given the circumstances, making copies and serving the plaintiff by mail was the most efficient way to serve the plaintiff. Further, when the court ordered the defendants to provide additional copies to the court, it was undoubtedly necessary for the defendants to comply with this order and make copies for the court. Given these necessities, the defendants are entitled to an award of costs for these copies. A copying charge of 25 cents per page, as suggested by the defendants, is reasonable.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion to Review Clerk's Award of Fees Under Fed. R. Civ. P. 54(d)(1) (Doc. 373)** [#374] is granted;

2. That in addition to the costs awarded by the clerk in the **Bill of Costs** [#373], which totaled 570.25 dollars, the defendants are awarded additional costs in the total amount of 454.25 dollars, which is comprised of

   a. 387.50 dollars for copies prepared to permit service on the plaintiff by mail of filings made by the defendants; and

b. 66.75 dollars for copies provided to the court, as required by court order; and

3. That the total award of costs to the defendants is 1,024.50 dollars.

Dated September 12, 2017, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge